# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA
# PHILIDELPHIA DIVISION

| | |
|---|---|
| JANICE DEJESUS,<br><br>     Plaintiff,<br><br>– against–<br><br>Sallie Mae Financial Corporation, d/b/a Sallie Mae; U.S. Asset Management, Inc.; and EOS CCA,<br><br>     Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Janice DeJesus (hereinafter "Plaintiff"), by and through her attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendant Sallie Mae Financial Corporation d/b/a Sallie Mae ("Sallie Mae"), Defendant U.S. Asset Management, Inc. ("U.S. Asset Management"), and Defendant EOS CCA ("EOS), (together, "Defendants"), hereby allege:

1. This is an action for damages brought by an individual consumer for Defendants breach of contract, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff, Janice DeJesus, is an adult residing in Folcroft, Pennsylvania.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant Sallie Mae is a business entity formed under the laws of Delaware with its principal place of business located at 300 Continental Drive, Newark, Delaware 19713.

5. Defendant U.S. Asset Management is a business entity formed under the laws of the State of Massachusetts, with the principal purpose of purchasing and collecting consumer debt, and its principal place of business located at 700 Longwater Drive, Norwell, Massachusetts 02061.

6. Defendant U.S. Asset Management is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant EOS is a business entity formed under the laws of the State of Massachusetts, with the principal purpose of collecting consumer debt, and its principal place of business located at 700 Longwater Drive, Norwell, Massachusetts 02061.

8. Defendant EOS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction for any state claims contained within pursuant to 28 U.S.C. § 1367.

10. The Court's exercise of personal jurisdiction over Defendants is valid because a substantial part of the events and omissions giving rise to Plaintiff's claim occurred within the Court's jurisdiction.

11. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

12. On or about May 31, 2019, Plaintiff entered into a settlement agreement with Sallie Mae to settle and close Plaintiff's Sallie Mae account ending in 9702 and Plaintiff's Sallie Mae account ending in 6645. A copy of the settlement agreement letter, memorializing the terms of the settlement, is attached hereto as **Exhibit A**.

13. Pursuant to the terms of the settlement agreement, Plaintiff was required to make a lump sum payment for each account, with both payments totaling $5,345.00.

14. On May 31, 2019, Plaintiff made available to Defendant Sallie Mae the payment for Plaintiff's account ending in 9702, which totaled $761.73, and the payment for Plaintiff's account ending in 6645, which totaled $4,584.00.

15. On June 17, 2019, Defendant Sallie Mae contacted Plaintiff, via her debt settlement representative, and communicated that the payments made for Plaintiff's account ending in 9702 and 6645 were, for an unknown reason, returned. At this time, Defendant Sallie Mae agreed to reset the payments in order to complete the settlement agreements on Plaintiff's accounts.

16. On June 18, 2019, Defendant Sallie Mae accepted and cashed the payments scheduled on June 17, 2019. Proof of these payments is attached hereto as **Exhibit B**.

17. On October 18, 2019, Defendant Sallie Mae sold Plaintiff's Sallie Mae account ending in 9702 and Plaintiff's Sallie Mae account ending in 6645 to Defendant U.S. Asset Management. Attached as **Exhibit C** are letters sent from Defendant Sallie Mae notifying Plaintiff of the date of sale.

18. On October 24, 2019, Defendant EOS, on behalf of Defendant U.S. Asset Management, sent a Notice of Collection Placement letter to Plaintiff. This letter communicated to Plaintiff that Plaintiff owed a debt totaling $5,695.67 on Plaintiff's Sallie Mae accounts ending in 9702 and 6645. The Notice of Collection Placement letter is attached hereto as **Exhibit D**.

19. On November 14, 2019, Plaintiff, via her debt settlement representative, contacted Defendant EOS. During this call Defendant EOS, on behalf of Defendant U.S. Asset Management communicated to Plaintiff that the balance on Plaintiff's two accounts was valid. Additionally, Defendant EOS attempted to renegotiate on Plaintiff's two accounts and provided an offer to settle Plaintiff's accounts for 30% of the current balance of $5,726.33.

20. On or about December 06, 2019, Defendant EOS, on behalf of Defendant U.S. Asset Management negotiated a second agreement in order to settle and close Plaintiff's Sallie Mae accounts ending in 9702 and 6645. The total amount paid under these second settlement agreements total $2,302.88. The settlement agreement letters sent from Defendant EOS and proof of payment to Defendant EOS is attached hereto as **Exhibit E**.

21. At all times pertinent hereto, Defendants acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

22. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## COUNT 1

### (Breach of Contract for account ending in 9702)

23. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

24. On or about May 31, 2019, Plaintiff entered into a settlement agreement with Sallie Mae to settle and close Plaintiff's Sallie Mae account ending in 9702.

25. On May 31, 2019, Plaintiff, via her debt settlement representative, made payment available to Defendant Sallie Mae. However, for an unknown reason, Defendant Sallie Mae was unable to accept the payment.

26. On June 17, 2019, Defendant Sallie Mae communicated to Plaintiff, via her debt settlement representative, that Plaintiff would be able to reset the payment to finish out the settlement agreement. On June 18, 2019, Defendant Sallie Mae accepted Plaintiff's payment in the amount of $761.73. With this acceptance, Plaintiff believed that Defendant Sallie Mae would close Plaintiff's Sallie Mae account ending in 9702.

27. Despite accepting the above stated payment, on or about October 18, 2019, Defendant Sallie Mae sold Plaintiff's Sallie Mae account ending in 9702 to Defendant U.S. Asset Management, with a balance of $805.51.

28. As a result of Defendant Sallie Mae's breach of contract, Plaintiff has suffered actual and monetary damages.

## COUNT 2

### (Breach of Contract for account ending in 6645)

29. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

30. On or about May 31, 2019, Plaintiff entered into a settlement agreement with Sallie Mae to settle and close Plaintiff's Sallie Mae account ending in 6645.

31. On May 31, 2019, Plaintiff, via her debt settlement representative, made payment available to Defendant Sallie Mae. However, for an unknown reason, Defendant Sallie Mae was unable to accept the payment.

32. On June 17, 2019, Defendant Sallie Mae communicated to Plaintiff, via her debt settlement representative, that Plaintiff would be able to reset the payment to finish out the settlement agreement. On June 18, 2019, Defendant Sallie Mae accepted Plaintiff's payment in the amount of $4,584.00. With this acceptance, Plaintiff believed that Defendant Sallie Mae would close Plaintiff's Sallie Mae account ending in 6645.

33. Despite accepting the above stated payment, on or about October 18, 2019, Defendant Sallie Mae sold Plaintiff's Sallie Mae account ending in 6645 to Defendant U.S. Asset Management, with a balance of $4,858.04.

34. As a result of Defendant Sallie Mae's breach of contract, Plaintiff has suffered actual and monetary damages.

## COUNT 3
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

35. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

36. Defendant Sallie Mae owed Plaintiff an implied covenant of good faith and fair dealing with respect to the settlement agreement entered.

37. By way of the foregoing conduct, Defendant Sallie Mae breached the implied covenant of good faith and fair dealing that it owed to Plaintiff with respect to the settlement agreement.

38. Defendant Sallie Mae has acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform their obligations under the settlement agreement.

39. Specifically, Defendant Sallie Mae owed a duty to Plaintiff to take all steps to honor the original agreement and to not engage in conduct that might result in the settlement agreement not being honored.

40. As a result of Defendant Sallie Mae's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## COUNT 4
### (Violation of the FDCPA for Defendant U.S. Asset Management)

41. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

42. The above contacts between Defendant U.S. Asset Management and Plaintiff constitute "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

43. FDCPA 15 U.S.C. § 1692(f) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

44. Defendant U.S. Asset Management engaged in abusive, deceptive, and unfair collection practices where Defendant U.S. Asset Management misrepresented the amount of debt owed by Plaintiff. This misrepresentation occurred on or about October 22, 2019, where Defendant U.S. Asset Management, via its agent Defendant EOS, communicated to Plaintiff that Plaintiff owed an additional $805.51 for Plaintiff's Sallie Mae account ending in 9702 in order to settle and close her account.

45. Additionally, Defendant U.S. Asset Management misrepresented the amount of debt owed by Plaintiff on or about October 22, 2019, where Defendant U.S. Asset Management, via its agent Defendant EOS, communicated to Plaintiff that Plaintiff owed an additional $4,858.04 for Plaintiff's Sallie Mae account ending in 6645 in order to settle and close her account.

46. Further, Defendant U.S. Asset Management misrepresented the amount of debt owed by Plaintiff on October 24, 2019, where Defendant U.S. Asset Management, via its agent Defendant EOS, communicated to Plaintiff that the amount of debt owed for Plaintiff's two accounts ending in 9702 and 6645 totaled $5,695.67.

47. Defendant U.S. Asset Management knew or should have known that its actions violated the FDCPA. Additionally, Defendant U.S. Asset Management could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

48. As a result of the above violations of the FDCPA, Defendant U.S. Asset Management is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## COUNT 5
### (Violation of the FDCPA for Defendant EOS)

49. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

50. The above contacts between Defendant EOS and Plaintiff constitute "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

51. FDCPA 15 U.S.C. § 1692(f) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

52. Defendant EOS engaged in abusive, deceptive, and unfair collection practices where Defendant EOS misrepresented the amount of debt owed by Plaintiff. This misrepresentation occurred on or about October 22, 2019, where Defendant EOS, on behalf of Defendant U.S. Asset Management, communicated to Plaintiff that Plaintiff owed an additional $805.51 for Plaintiff's Sallie Mae account ending in 9702 in order to settle and close her account.

53. Additionally, Defendant EOS misrepresented the amount of debt owed by Plaintiff on or about October 22, 2019, where Defendant EOS, on behalf of Defendant U.S. Asset Management, communicated to Plaintiff that Plaintiff owed an additional $4,858.04 for Plaintiff's Sallie Mae account ending in 6645 in order to settle and close her account.

54. Further, Defendant EOS violated the above provisions where Defendant EOS communicated to Plaintiff that the balance of Plaintiff's two Sallie Mae accounts was valid and required renegotiation. On November 14, 2019, Defendant EOS attempted to

renegotiate Plaintiff's accounts and provided an offer to settle Plaintiff's accounts for 30% of the current balance of $5,726.33.

55. Lastly, Defendant EOS misrepresented the amount of debt owed by Plaintiff on October 24, 2019, where Defendant EOS, on behalf of Defendant U.S. Asset Management, communicated to Plaintiff that the amount of debt owed for Plaintiff's two accounts ending in 9702 and 6645 totaled $5,695.67.

56. Defendant EOS knew or should have known that its actions violated the FDCPA. Additionally, Defendant EOS could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

57. As a result of the above violations of the FDCPA, Defendant EOS is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against Defendants as follows:

1) That judgment be entered against Defendant U.S. Asset Management and Defendant EOS for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2) That judgment be entered against Defendant U.S. Asset Management and Defendant EOS for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1962k(a)(3);

4) That judgment be entered against Defendant Sallie Mae for actual and monetary damages accrued by Plaintiff as a result of Defendant's breach of contract;

5) That judgment be entered against Defendant Sallie Mae for actual and monetary damages accrued by Plaintiff as a result of Defendant's breach of the implied covenant of good faith and fair dealing; and

6) That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

Date: 10-20-2020

Respectfully Submitted,

Law Offices of Robert S. Gitmeid & Associates, PLLC

Brittany N. Weston, Esq. (SBA #320008)
1313 South 33rd Street, Suite 7
Philadelphia, PA 19146
(215) 681-1831
Brittany.W@gitmeidlaw.com
*Counsel for Plaintiff*